Howell, J.
Plaintiff obtained a judgment against the defendant for $399, the amount claimed, as paid under protest, for taxes in excess of the true valuation of his real property in the city, from which the latter appealed.
The city-attorney, in his brief, concedes that, upon the testimony, the plaintiff was entitled to have the valuation of his property reduced in accordance with his application to the board of assessors ; but contends that, upon the statement of Watkins, a member of the board, a reduction of $5,000 was made, thus leaving the difference in the appraisement of the assessors and that claimed by plaintiff to be only $19,000, instead of the sum set forth in the petition, the tax on which would be less than the amount allowed by the Court, which, he insists, is unsupported by evidence. In this the city attorney has fallen into an error of fact, as to the valuation on which the assessment should be made. By an agreement in the record, the cause was submitted in the lower Court “upon the pleadings, the tax bills furnished by the plaintiff, and the statements of John A. Watkins, J. B. Walton and Julian Neville.”
These tax bills show that iilaintiff’s property was assessed in 1857 (the year complained of) at $159,500, and in 1856 at $132,400, taken as the true basis for the assessment, making a difference of $27,100, the tax on-which, at 1)7 per cent., is $406 50, instead of $399, the sum allowed; and the testimony shows that said property was worth no more in 1857 than in 1856.
■ Plaintiff does not complain of the judgment.
The admission that plaintiff was entitled to the reduction claimed by him, in his application to the board of assessors, concedes his whole demand, as set forth in the petition and the evidence adduced.
Judgment affirmed.